### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,** | **Case No. 2:16-CV-0672** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **GOPRO, INC.,** | |
| **Defendant.** | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (collectively "Plaintiffs"), for their Complaint against Defendant GoPro, Inc., hereby allege as follows:

### THE PARTIES

1.      Plaintiff Charles C. Freeny III is an individual residing in Flower Mound, Texas.

2.      Plaintiff Bryan E. Freeny is an individual residing in Ft. Worth, Texas.

3.      Plaintiff James P. Freeny is an individual residing in Spring, Texas.

4.      On information and belief, Defendant GoPro, Inc. ("GoPro") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 3000 Clearview Way, San Mateo, California 94402.  On information and belief, GoPro may be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. §§1331 and 1338(a).

6.      This Court has specific and/or general personal jurisdiction over Defendant GoPro because it has committed acts giving rise to this action within this judicial district and/or has established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because GoPro has committed acts within this judicial district giving rise to this action, and continues to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,490,443)

8.      Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

9.      On December 3, 2002, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,490,443 ("the '443 patent"), entitled "Communication and Proximity Authorization Systems."  A true and correct copy of the '443 patent is attached hereto as **Exhibit A**.

10.     The '443 patent describes, among other things, novel systems in which electronic devices can communicate wirelessly to provide and/or receive services from other electronic devices when they are within proximity of each other.  These communications can occur over multiple communication signals and with the use of authorization codes.

11.     The named inventor of the '443 patent is Charles C. Freeny, Jr., who is now deceased.

12.     Plaintiffs are the sons of Charles C. Freeny, Jr., and Plaintiffs are the owners and

assignees of all right, title and interest in and to the '443 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

13.     Plaintiffs have complied with the requirements of 35 U.S.C. § 287 with respect to the '443 patent.

14.     GoPro manufactures and sells portable video cameras, including the GoPro Hero 4 Session, Hero 4 Black, Hero 4 Silver, Hero+, and Hero+LCD.

15.     On information and belief, the GoPro Hero 4 Session, Hero 4 Black, Hero 4 Silver, Hero+, and Hero+LCD are portable electronic devices that can communicate wirelessly over multiple communication signals with other devices such as smartphones and other mobile devices when they are within proximity to such devices, and with the use of authorization codes.

16.     On information and belief, GoPro has directly infringed and continues to directly infringe one or more claims of the '443 patent, including at least claim 90 of the '443 patent, in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, importing, offering for sale, and/or selling products that embody one or more of the inventions claimed in the '443 patent, including but not limited to the GoPro Hero 4 Session, Hero 4 Black, Hero 4 Silver, Hero+, Hero+LCD, and all reasonably similar products ("the accused GoPro products"), in violation of 35 U.S.C. § 271(a).

17.     On information and belief, GoPro will continue to infringe the '443 patent unless enjoined by this Court.

18.     GoPro's acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  GoPro's infringement of Plaintiffs' rights under the '443 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment against GoPro as follows:

a.      For judgment that GoPro has infringed and continues to infringe the claims of the '443 patent;

b.      For a permanent injunction against GoPro and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '443 patent;

c.      For an accounting of all damages caused by GoPro's acts of infringement;

d.      For a judgment and order requiring GoPro to pay Plaintiffs' damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '443 patent as provided under 35 U.S.C. § 284;

e.      For a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

f.      For such other relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable by a jury.

Dated: June   , 2016          Respectfully submitted,


*/s/ Christopher D. Banys*
Christopher D. Banys - ***Lead Attorney***

BANYS, P.C.
Christopher D. Banys      SBN: 230038 (California)
Richard C. Lin          SBN: 209233 (California)
Jennifer L. Gilbert       SBN: 255820 (California)
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Tel: (650) 308-8505
Fax: (650) 353-2202
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com

Local Counsel:

TRUELOVE LAW FIRM, PLLC
Kurt Truelove
Texas Bar No. 24013653
100 West Houston
P.O. Box 1409
Marshall, Texas 75671
Telephone: (903) 938-8321
Facsimile: (903) 215-8510
Email: kurt@truelovelawfirm.com

**ATTORNEYS FOR PLAINTIFFS**
**CHARLES C. FREENY III, BRYAN E. FREENY,**
**AND JAMES P. FREENY**